IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| James Christopher Smith, | ) | C/A No. 6:24-cv-06939-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Officer Torres, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's complaint alleging violations of his constitutional rights. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On January 17, 2025, the Magistrate Judge issued a Report recommending that Plaintiff's excessive force claim be served and the remainder of Plaintiff's claims be dismissed. ECF No. 14. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed a letter. ECF No. 18.

## APPLICABLE LAW AND ANALYSIS

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the

Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

As noted above, the Magistrate Judge has served Plaintiff's excessive force claim but recommends summary dismissal of Plaintiff's remaining claims.  To the extent Plaintiff seeks money damages for a claim of unlawful arrest for public disorderly conduct, the Magistrate Judge recommends finding that claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  To the extent Plaintiff requests that the Court interfere in his pending criminal charges for resisting arrest, the Magistrate Judge recommends abstaining from hearing these claims pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).  In his letter, which this Court construes as objections out of an abundance of caution for a pro se party, Plaintiff states his timeline of events leading up to his arrest but he does not directly address the Report.  Nevertheless, again out of an abundance of caution, the Court has reviewed the Report, the record, and the applicable law de novo.  Upon such review, the Court agrees with the recommendations of the Magistrate Judge.

## CONCLUSION

Plaintiff's claim for excessive force has been served by separate order. ECF No. 11. Plaintiff's remaining claims are subject to summary dismissal. Plaintiff's claims that are subject to abstention pursuant to *Younger* are **DISMISSED** with prejudice, without issuance and service of process, and without leave to amend. Plaintiff's claim barred by *Heck* is **DISMISSED** without prejudice, without issuance and service of process, and without leave to amend.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

March 25, 2025
Spartanburg, South Carolina