IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| James Christopher Smith, | ) | Case No. 6:24-cv-06939-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Officer Torres, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiff's complaint alleging violations of his civil rights. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On April 21, 2025, Defendant filed a motion for summary judgment. ECF No. 28. On July 22, 2025, the Magistrate Judge issued a Report recommending that the motion for summary judgment be granted. ECF No. 35. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so. Plaintiff has not filed objections to the Report and the time to do so has lapsed.[1]

---

[1] The Court notes that the Report was initially returned as undeliverable. ECF No. 37. A review of the returned envelope revealed a scrivener's error with respect to the zip code. ECF No. 37. Accordingly, the Report was remailed and the time to file objections was reset to October 15, 2025. ECF No. 39. The Report has not returned for a second time and, to date, no objections have been received.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

After considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and agrees with the Report's recommendation. The motion for summary judgment [28] is **GRANTED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

November 4, 2025
Spartanburg, South Carolina